IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00150-GCM

| | |
|---|---|
| **TERRI L. HARMON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KILOLO KIJAKAZI,**<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** comes before the Court on cross-motions for summary judgment by the Plaintiff (ECF No. 11) and Defendant (ECF No. 12), along with the parties' briefs and exhibits. The Court has fully considered the parties' arguments, the administrative record, and applicable authorities. For the reasons discussed below, the Court will GRANT Plaintiff's Motion for Summary Judgment, DENY Defendant's Motion for Summary Judgment, REVERSE the decision of the Commissioner, and REMAND this matter for further proceedings consistent with this Order.

I.  BACKGROUND

Terri Harmon, a 50-year-old woman, applied for disability insurance and Supplementary Security Income (SSI) in April of 2018. Harmon claimed disability based on bipolar disorder with rapid cycling, attention deficit hyperactivity disorder (ADHD), panic disorder with agoraphobia, post-traumatic stress disorder (PTSD), borderline and dependent personality disorder, fibromyalgia, chronic severe headaches, osteoarthritis, and gastroesophageal reflux disease. Her initial application was denied, and so was her motion for reconsideration. Harmon sought a hearing before an administrative law judge (ALJ). The ALJ held an administrative hearing on November 25, 2019. During the hearing, the ALJ relied in part on testimony from a vocational expert (VE).

On December 24, 2019, the ALJ issued his hearing decision. He concluded that Harmon was not disabled within the meaning of Section 1614(a)(3)(A) of the Social Security Act. The Appeals Council denied review on July 20, 2020. Harmon then sought judicial review in this Court under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

A District Court reviewing a final decision of the Commissioner of Social Security may consider only two things: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Although this threshold is not high, it requires "more than a mere scintilla of evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021). In reviewing for substantial evidence, a District Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

## III. DISCUSSION

The Social Security Administration employs a five-step process to determine whether a claimant is disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4) (2021). First, the Commissioner determines whether the claimant is engaged in substantial gainful activity, i.e., whether they are working. Next, the Commissioner considers whether the claimant has a severe impairment, or impairments that are severe in combination. Then the Commissioner considers "the Listings," a category of impairments that are so severe that the claimant is automatically deemed to be disabled. Fourth, the Commissioner determines the claimant's "Residual Functional

2

Capacity," defined as what a claimant "can still do despite his limitations." *Id.* § 404.1545(a). Finally, the Commissioner considers whether the claimant is capable of performing other jobs in the local or national economy. The plaintiff carries the burden at the first four steps; the government carries the burden at the last. *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

Harmon argues that the ALJ committed three errors. First, Harmon alleges that the ALJ improperly relied on inadequate hearing testimony by a vocational expert. Second, Harmon claims that the ALJ failed to adequately explain his decision or to demonstrate an "accurate and logical bridge" between the evidence and his conclusions. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Finally, Harmon argues that the ALJ improperly considered evidence about Harmon's daily activities to conclude that she was not disabled. Because the Court agrees with Harmon's first argument—that the ALJ improperly relied on inadequate hearing testimony by a vocational expert—only that argument will be addressed.

As a reminder, during Step Five of the Social Security process, the Commissioner rejects a disability claim if the claimant can perform alternative work that exists in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(v) (2021). In determining what types of alternative work exist, the Social Security Administration primarily looks to the Dictionary of Occupational Titles, or the "DOT." *See* Soc. Sec. Admin, Policy Interpretation Ruling: Use of Vocational Expert & Vocational Specialist Evidence, Social Security Ruling (SSR) 00-4p, 2000 SSR LEXIS 8, at *3 (hereinafter VE Ruling). But ALJs can also rely on the testimony of vocational experts. *See* 20 C.F.R. § 404.1566(e).

Issues sometimes arise when VE testimony conflicts with the DOT. For example, in *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015), a VE testified that a claimant could perform three occupations, even though the DOT entries for those occupations included frequent reaching. *Id.* at

3

210. The ALJ had determined that the claimant could only occasionally reach upward. *Id*. The Fourth Circuit explained that the presence of this type of "apparent conflict" requires the ALJ to inquire on the record about it, seek a "reasonable explanation" from the VE, and "resolve" the conflict. *Id.* at 209 (citing VE Ruling, 2000 SR LEXIS 8, at *4–5). After obtaining a reasonable explanation that resolves the conflict, the ALJ may rely on the VE's evidence to support a determination about whether the claimant is disabled. *Id*. But an ALJ's failure to identify a conflict, or a failure to fully develop the record by resolving the conflict, constitutes reversible error. *See id.* at 209–11; *Thomas v. Berryhill*, 916 F.3d 307, 314 (4th Cir. 2019).

Harmon claims that a similar conflict occurred during the November 25, 2019 hearing. At the hearing, the ALJ outlined parameters for the VE to identify suitable alternative jobs. *See* A.R. 79. In relevant part, the ALJ stated that any prospective job should not involve concentrated exposure to hazards; should not require teamwork for task completion; and should not involve more than occasional conflict with the public. *Id*. The VE identified six responsive occupations: (1) electronics worker; (2) laundry folder; (3) small-parts assembler; (4) order clerk; (5) document preparer; and (6) final assembler. *Id*. at 79–80.

Harmon argues that the VE's testimony conflicts with the DOT entries for all six jobs. The Court is persuaded that there are apparent conflicts with at least three. First, electronics workers use hand tools, power tools, and heating equipment in their work, potentially conflicting with the ALJ's restriction on "concentrated exposure to hazards." [1] *See* Soc. Sec. Admin., Dictionary of

---

[1] The ALJ did not define "concentrated exposure to hazards." The Social Security processing manual indicates that the restriction refers to, inter alia, "moving mechanical parts of equipment, tools, or machinery." *See* Soc. Sec. Admin., Program Operations Manual System DI 25015.020(b)(7). The relevant entry in the DOT for electronics workers, somewhat surprisingly given the job description, says that hazards from moving mechanical parts are "Not Present," but indicates occasional hazards from toxic or caustic chemicals (up to one-third of the time). *See* Soc. Sec. Admin., Dictionary of Occupational Titles 726.687-010, 1991 WL 679633.

4

Occupational Titles 726.687-010, 1991 WL 679633 (hereinafter DOT). Next, small-parts assemblers work on assembly lines, "assembling one or two specific parts and passing unit[s] to another worker," notwithstanding the ALJ's parameter that the work could not require production-line pacing. DOT 706.684-022, 1991 WL 679050. Finally, order clerks take food orders, suggest menu items to customers, and "answer questions regarding food or service," seemingly requiring a more-than-occasional interaction with the public. DOT 209.567-014, 1991 WL 671794.

Because there were apparent conflicts between the testimony of the VE and the DOT as it pertained to these three jobs, the ALJ had a duty to inquire about those conflicts on the record, seek reasonable explanations, and resolve the conflicts. *Pearson*, 810 F.3d at 209–11. It is true that the ALJ asked the VE if there were any conflicts with the DOT, and the VE did not indicate any. *See* A.R. 82–83. But the ALJ does not fulfill his affirmative duty to investigate merely because the vocational expert responds yes when asked if her testimony is consistent with the Dictionary. *Pearson*, 810 F.3d at 208–09 (cleaned up). As a result, the ALJ had a duty to inquire about the conflicts on the record, seek reasonable explanations, and resolve the conflicts. *See* VE Ruling, 2000 SR LEXIS 8, at *4–5.

Ordinarily, denials of Social Security benefits are subject to harmless error review. *See Keller v. Berryhill*, 754 F. App'x 193, 199 (4th Cir. 2018) (per curiam). However, a court may not affirm for harmless error "where an insufficient record precludes a determination that substantial evidence supports the ALJ's denial of benefits." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017). And the failure to resolve a conflict between VE testimony and the DOT makes the administrative record insufficient to provide substantial evidence. *Keller*, 754 F. App'x at 199 (citing *Pearson*, 810 F.3d at 210). As a result, the failure to resolve apparent conflicts during the hearing was not harmless, and the Court must reverse the decision of the Commissioner.

## IV. ORDER

Plaintiff's Motion for Summary Judgment (ECF No. 11) is **GRANTED**. Defendant's Motion for Summary Judgment (ECF No. 12) is **DENIED**. The decision of the Commissioner is **REVERSED**, and the matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g). The Clerk is respectfully directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: September 3, 2021

Graham C. Mullen
United States District Judge